MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur in the answer to the first controlling question of law presented by the trial court on permissive appeal, but I dissent from the answer to the second question.
In its second controlling question of law, the trial court asked this Court “whether [James Wiese’s] breach of implied warranty of merchantability claim ... cannot be maintained against [Alabama Powersport Auction, LLC (‘APA’),] because [APA] was not a seller or merchant as required by Alabama’s version of the Uniform Commercial Code.” (Emphasis added.) This Court reworded that question as follows: “Whether an auctioneer selling consigned goods on behalf of a seller may be held liable under Alabama’s version of the Uniform Commercial Code as a merchant-seller for a breach of an implied warranty of merchantability.” 148 So.8d at 720 (emphasis added).
I do not believe that APA is a seller under Alabama’s version of the Uniform Commercial Code (“UCC”). A seller is defined as “a person who sells or contracts to sell goods.” § 7-2-103(l)(d), Ala.Code 1975. Black’s Law Dictionary defines “sell” as “[t]o transfer (property) by sale.” Black’s Law Dictionary 1482 (9th ed. 2009). “A ‘sale’ consists in the passing of title from the seller to the buyer for a price.... ” § 7-2-106(1), Ala.Code 1975 (emphasis added). This Court has held that a consignee does not hold title to the goods consigned to it by a consignor but that title passes from the consignor to the buyer. Bischoff v. Thomasson, 400 So.2d 359, 365 (Ala.1981).[8]
In this case, FF Acquisition Corp. (“FFA”) consigned its goods to APA, which served as the auctioneer. Because APA was the consignee, and because a consignee does not hold title to the goods consigned to it by the consignor, then APA could not pass title to Wiese. Because a seller has to pass title under Alabama’s version of the UCC, and because APA did not pass title to Wiese, APA cannot be considered a “seller” under Alabama’s version of the UCC and therefore cannot be liable for breach of an implied warranty of merchantability under § 7-2-314, Ala. Code 1975.
The main opinion decides the case based on the common law of agency, which, “[u]nless displaced by the particular provisions of [Alabama’s version of the UCC] ... supplements] its provisions.” § 7-1-103(b), Ala.Code 1975. However, because § 7-2-103 defines “seller” in a way that excludes APA, the common law cannot supplement § 7-2-103 in this case. Therefore, although I concur in the answer to the first controlling question of law, I dissent from the answer to the second question.
BOLIN, J., concurs.

. Although Alabama’s version of the UCC has changed since Bischoff was decided, Bis-choff ’s rule appears still to be correct in light of§ 7-2-106(1), Ala.Code 1975.